# EXHIBIT A

CAUSE NO. _____ 23-3135-431

| | | |
|---|---|---|
| **DAVID DARRIGAN & DAR-JKTA ENTERPRISES, LLC** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § § | |
| **V.** | § § | _____ **JUDICIAL DISTRICT** |
| **KAVA CULTURE FRANCHISE GROUP CORPORATION** | § § § | |
| *Defendant* | § | **DENTON COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DECLARATORY RELIEF**

**NOW COME** Plaintiffs, David Darrigan and DAR-JKTA Enterprises, LLC, and file this their Original Petition and Request for Declaratory Relief complaining of Kava Culture Franchise Group Corporation (hereinafter "Defendant KCFG"), and shows the Court:

## I.   INTRODUCTION

1. This is a case about two illegally sold kava bar franchises. The first franchised bar agreement was initially offered by Defendant KCFG to Plaintiff Darrigan on April 30, 2021. The second agreement was initially offered for sale by Defendant KCFG to DAR-JKTA Enterprises, LLC on March 16, 2022. However, the Defendant was not in compliance with the state or federal statutory requirements for offering these types of businesses to the Plaintiffs at any time during 2021 or 2022. Accordingly, Plaintiffs seek relief from the Court in the form of rescission of the contracts, restitution, as well as a declaratory judgment that the contracts were not in compliance with the statutory requirements for the same.

## II.   PARTIES

2. David Darrigan, Plaintiff herein, is an individual that resides at 1114 Spencer Street, Allen, Texas 75013. The last three digits of his Social Security Number are 216. The last three digits of his driver's license are 220.

1

3. DAR-JKTA Enterprises, LLC, Plaintiff herein, is a Texas limited liability company with its principal place of business located at 1114 Spencer Street, Allen, Texas 75013.

4. Kava Culture Franchise Group Corporation, Defendant herein, is a Florida corporation with its principal place of business in 843 Miramar Street, Cape Coral, Florida 33904. Kava Culture Franchise Group Corporation can be served with citation by serving its registered agent, Jacqueline Rusher, at 843 Miramar Street, Cape Coral, Florida 33904.

### III.   JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action pursuant to Sections 24.007 and 24.008 of the Texas Government Code and pursuant to Article V of the Texas Constitution. This Court has personal jurisdiction over the Florida Defendant because Defendant it purposely availed itself of the privilege of conducting business in this state. Specifically, the Defendant serviced the consumers of Denton, Texas and North Dallas, Texas by selling "Kava Culture" stores for operation by the Plaintiffs in both cities. The Defendant demanded and received approximately ten percent of the Plaintiffs' profits (as Defendant's purported franchisees) since December 2021.

6. Venue is proper in Denton County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

### IV.   TEX. R. CIV. P. 47 STATEMENT

7. Plaintiffs seeks monetary relief of $1,000,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs, as well as injunctive relief.

### V.   FACTS

8. In early 2021, Plaintiff Darrigan patronized "Kava Culture" kava bar in Tampa, Florida. During his visit, he asked about their franchise opportunities and was directed to call the Kava Culture main office. After signing a non-disclosure agreement, on or about April 30, 2021, the

Defendant delivered its written offer for the sale of a Kava Culture franchise to Plaintiff Darrigan. On or about May 3, 2021, Darrigan met with Christine Costello, Kava Culture's franchise salesperson. During the meeting, Costello presented the financials for five Kava Culture stores already in operation. Costello also displayed profit margins for the stores. Convinced he was making a good business decision, Darrigan signed an application to purchase a franchise on May 13, 2021. Next, on May 20, 2021, Darrigan signed a franchise agreement for the license to operate a franchise Kava Culture in Denton, Texas. Plaintiff Darrigan also paid the Defendant a $25,000.00 franchise fee.

9.      Pursuant to the franchise agreement, the Defendant required the Plaintiff to make weekly payments to its commonly owned "KC Operating Corporation" for: i) royalty fees in an amount equal to eight percent of gross revenues; ii) marketing fees in the amount of one percent of gross revenues; and iii) a weekly technology fee in an amount equal to one percent of gross revenues. The Plaintiffs were also required to spend an additional one percent of gross revenues on advertising each month. Also pursuant to the franchise agreement, the Plaintiffs were required to purchase <u>all</u> of the products used operating their stores from the Defendant's other commonly owned supply companies: "Botanical Brewing Company," and "Plant Tribals Company." Those companies supplied the brewed kava beverages and the kratom products sold in the stores, respectively.

10.     Darrigan opened the Denton, Texas store on or about November 5, 2021. Shortly thereafter, Darrigan decided to open another location in Dallas, Texas to increase his overall sales volume due to the lower-than-expected profit margins at the single store. On or about March 16, 2022, the Defendant delivered its written offer to sell a second Kava Culture franchise to Plaintiff's newly formed entity, DAR-JKTA Enterprises, LLC. Plaintiff DAR-JKTA Enterprises, LLC signed a

franchise agreement on that same day for the license to operate a franchise Kava Culture in North Dallas, Texas. Plaintiff DAR-JKTA paid the Defendant $20,000.00 as the purported franchise fee for the North Dallas store.

11. Since opening the Denton store in December 2021, Plaintiff Darrigan has paid at least $209,831.13 to the Defendant and the Defendant's affiliates. This amount represents the weekly assessments, as well as the cost of goods and supplies the Defendant required the Plaintiff to purchase for operating the stores. The North Dallas store is still in the build-out phase as of the date of this filing. The Plaintiffs also incurred initial, significant expenses associated with the opening of the Denton store in the amount of approximately $260,000.00. This amount represents the initial build-out costs, as well as all the requisite opening expenses. The Plaintiffs have also incurred a total cost of approximately $165,000.00 for the build-out and related expenses to open the North Dallas, Texas store (so far).

12. By December 12, 2023, Plaintiff Darrigan noticed highly irregular invoices from the Defendant, and the Defendant's affiliated suppliers, for amounts that were many tens of thousands of dollars more than expected. He also noticed the Defendant's suppliers did not list their prices on the online order forms he was required to use for <u>all</u> the products. As a result, Plaintiff Darrigan was forced to buy the required Kava Culture products blindly, only learning the price for the orders he made after the fact, and then—occasionally—for amounts that far exceeded even those prices. He also experienced ongoing errors committed by the Defendant with every facet of purchasing, ordering, and deliveries. He also repeatedly received damaged products.

13. As a result of these unfair and deceptive business practices, Darrigan made several written requests to the Defendant to remedy the errors and billing problems, to no avail. Every request he made for accommodation was flatly rejected.

14. Following the lack of ability to mediate the situation informally, Darrigan went back through his franchise documents for the next steps he needed to take to try to salvage his new business. Upon review, Darrigan found that the Defendant was not in compliance with the requirements of the Texas Business & Commerce Code related to the offering franchises in the state of Texas when it offered and sold either of the above franchised stores to the Plaintiffs. Furthermore, Darrigan found that the Defendant was also not in compliance with 16 CFR Part 436, or with the Federal Trade Commission Act at any time during his association with the Defendant. Specifically, the Defendant failed to: i) present a franchise disclosure document to the Plaintiffs that met the requirements of the Federal Trade Commission's Franchise Rule; ii) register their franchise sales in the State of Texas pursuant to the Texas Business & Commerce Code prior to offering their franchise to Plaintiff Darrigan; iii) maintain an updated franchise disclosure document that met the requirements of the Federal Trade Commission's Franchise Rule; or iv) present audited financials to the Plaintiffs to support the financial that were presented to him during his initial franchise purchase meeting.

15. This lawsuit for a judicial declaration of the same followed.

### VI.   CAUSES OF ACTION

#### A.   TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATION

16. Plaintiffs hereby restate and incorporate the allegations contained in paragraphs 1 through 15 above as though set forth in full.

17. These acts complained of in paragraphs 1 through 15 are a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT pursuant to the tie-in statute at Title 4 Chapter 51 Subchapter A of the TEXAS BUSINESS & COMMERCE CODE. Plaintiffs were consumers who contracted for goods and services as described hereinabove. Defendant KCFG breached the TEXAS BUSINESS

OPPORTUNITY ACT registration requirement which is a *per se* false, misleading, or deceptive act or practice under the Texas DTPA.

18. Accordingly, because the Defendant's conduct constitutes false, misleading, and deceptive business practices that are prohibited under the Texas DTPA, Plaintiffs are entitled to treble actual damages, injunctive relief, punitive damages, and attorney fees per the TEXAS DECEPTIVE TRADE PRACTICES ACT §17.50(b), (d).

### B. REQUEST FOR DECLARATORY JUDGMENT

19. Pursuant to the UNIFORM DECLARATORY JUDGMENTS ACT, TEXAS CIVIL PRACTICE AND REMEDIES CODE §37.001 *et seq*., Plaintiffs seek a judicial declaration from this Court that the franchise agreements were illegal contracts, made in direct violation of the FEDERAL TRADE COMMISSION ACT, the TEXAS BUSINESS OPPORTUNITY ACT, and the TEXAS DECEPTIVE TRADE PRACTICES ACT.

20. The Plaintiffs seek to obtain this judicial declaration of the rights, status, and legal relationships between the parties to a real controversy because the Defendant has flatly rejected the attempts made by the Plaintiffs to resolve it informally. *See* TEX CIV. PRAC. & REM. CODE §37.002(b). The judgement will actually resolve the controversy between the parties.

## VII. DAMAGES

21. Plaintiffs seek all damages to which they are entitled, including but not limited to economic damages, restitution, and exemplary damages due to the Defendant's violation of the Texas DTPA, as well as other state and federal law.

## VIII. EQUITABLE RELIEF

22. Plaintiffs also seek recession of the illegal franchise agreement made in violation of the FEDERAL TRADE COMMISSION ACT, the TEXAS BUSINESS OPPORTUNITY ACT, and the TEXAS

DECEPTIVE TRADE PRACTICES ACT.

## IX.     CONDITIONS PRECEDENT

23.    All conditions precedent to the filing of this petition have been performed by Plaintiffs, have been excused as a result of illegality, or have been waived.

## X.     ATTORNEY'S FEES

24.    Plaintiffs have been forced to retain Allen & Associates, Attorneys at Law, as a result of Defendant's statutory violations. Accordingly Plaintiffs seek recovery of their reasonable and necessary attorney's fees pursuant to the TEXAS DECLARATORY JUDGMENTS ACT, THE TEXAS DECEPTIVE TRADE PRACTICES ACT, as well as under equitable principles.

## XI.     JURY TRIAL DEMANDED

25.    Plaintiffs hereby demand trial by jury and tenders the required jury fee.

## PRAYER

Plaintiffs pray the Court, after notice and hearing or trial, enters judgment in favor of Plaintiffs, rescinds the Contracts in issue, award them actual economic damages, exemplary damages, treble damages, punitive damages, statutory damages, award them the costs of court, reasonable and necessary attorney's fees, and such other and further relief as Plaintiffs may be entitled to in law or in equity.

                Respectfully submitted,

                ALLEN & ASSOCIATES

                (Signature on next page)

By: /s/ Adam Allen
Adam Allen
Texas Bar No. 24031124
Email: adam@aallenlaw.com
2929 Allen Parkway, Suite 200
Houston, Texas 77019
Tel. (832) 871-5920
Fax. (281) 310-8685
Attorneys for Plaintiffs